## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| SYNTEL, INC., a Michigan corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SYNTEL, LLC, an Arkansas limited liability company,<br><br>    Defendant. | Case No. 15-cv-10652<br><br>Hon.<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Alan N. Harris (P56324)
Susan M. Kornfield (P41071)
Bodman PLC
201 South Division, Suite 400
Ann Arbor, Michigan 48104
(734) 761-3780
aharris@bodmanlaw.com
skornfield@bodmanlaw.com
Attorneys for Plaintiff

## COMPLAINT

## NATURE OF THE ACTION

The claims set forth below arise out of Defendant's infringement of Plaintiff's federally-registered trademark, false designations of origin, false representations and unfair competition in violation of: Sections 32(1) and 43(a)(1) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§

1114(1) and 1125(a)(1); Section 3 of the Michigan Consumer Protection Act, MCL § 445.903; and trademark infringement and unfair competition under common law principles.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Syntel, Inc. ("Syntel") is a Michigan corporation with its corporate headquarters in Troy, Michigan.

2. Defendant SynTel, LLC ("Defendant") is an Arkansas limited liability company with its headquarters in Jonesboro, Arkansas.

3. This Court has subject matter jurisdiction over Syntel's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

4. This Court has supplemental jurisdiction over Syntel's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Syntel's federal claims and arise from a common nucleus of operative facts such that the administration of Syntel's state law claims with its federal claims furthers the interest of judicial economy.

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has: transacted business within the state of Michigan; promoted itself via the Internet at http://www.syntelllc.com/, which is available to Internet users throughout the world, including those in the state of Michigan and in this district; committed acts, or caused consequences to occur,

both within and outside the state of Michigan, that resulted in an action for the tort of trademark infringement; and entered into a contract for services to be rendered or for materials to be furnished in the state of Michigan.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to the claim occurred in this district, and because Defendant is subject to personal jurisdiction in this district.

## SYNTEL'S GOODS AND SERVICES, AND SYNTEL'S TRADEMARKS AND SERVICE MARKS

7. Syntel provides technology solutions to its clients by providing business and computer consulting services utilizing Syntel's proprietary software-based products, tools and methodologies.

8. Since its founding in 1980, Syntel has grown into a worldwide company with more than 24,000 employees, and has subsidiaries and offices around the world. Syntel's corporate headquarters are located in Troy, Michigan.

9. Syntel has offered software design and computer programming services under the mark, SYNTEL (the "Mark"), since 1984.

10. Syntel has experienced continuous growth and expansion of its product and service offerings.

11. Since at least as early as June 1999, Syntel has continuously used its federally-registered Mark in commerce in connection with the broader business

consultation services and computer consultation services as identified in its federal trademark registrations.

12. Today, the Mark is used in connection with a wide variety of technology products and services, including: computer software and software for mobile devices; business consultation services in the fields of information technology ("IT"), outsourcing of business processes, enterprise resource planning, and information collection and analysis for others; providing online forums; providing online publications and online journals, namely, blogs; technology consultation services, namely, advising others in the fields of design, development, analysis, architecture, testing, documentation, implementation, and support of software applications, application lifecycle management and system architecture, and Enterprise Resource Planning; computer consultation services, namely, computer consultancy in the fields of migration of IT teams into an aligned managed services platform, and of mobile applications, big data analytics, public and private cloud computing solutions, social media, evaluation, Internet Of Things, and integration of IT environments; and platform as a service featuring software platforms.

13. Syntel focuses on select industries and service lines, and Syntel's customers are from many industries including, but not limited to, banking and financial services, healthcare and life sciences, insurance, manufacturing, retail,

logistics, and telecommunications.

14. Syntel is the owner of numerous United States registrations for its trademarks and service marks, including:

- Registration No. 1,692,076 for the service mark, SYNTEL, for use in connection with "custom designing of computer software and computer programming services" in International Class 42. Syntel has used this mark in connection with these services since 1984, and the mark is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. A photocopy of the Certificate of Registration of this mark is attached as **Exhibit 1**.

- Registration No. 2,875,965 for the service mark, SYNTEL, for use in connection with "business consultation services, namely, consultation relating to business strategy, including assessing a company's existing operations, and advising on the development of technology-related methodologies in the field of project management; consultation relating to outsourcing of computerized business functions; business consultation relating to the fields of electronic commerce and electronic business; business consultation relating to the field of on-line business transactions, namely, marketing, order processing, and order fulfillment; customer

5

relationship management; and employee leasing services, namely, providing information technology professionals to others" in International Class 35, and with "computer consultation services in the fields of web site design, web site development, web site maintenance, web site upgrading, web site hosting, web site privacy, web site security, database design, selection of operating environment, development of operating environment, development and integration of interactive content and design; and in the fields of computer software applications, computer software maintenance, and computer software development; technical support services via telephone, email, facsimile, pager, and in person; and enabling legacy applications for use on the world wide web" in International Class 42. Syntel has used this mark in connection with these services since June 1999, and the mark is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. A photocopy of the Certificate of Registration of this mark is attached as **Exhibit 2**.

- Registration No. 2,932,357 for the service mark, SYNTEL (Stylized letters), for use in connection with "business consultation services, namely consultation relating to business strategy, namely,

assessing a company's existing operations, and advising on the development of technology-related methodologies in the field of project management; consultation relating to outsourcing of computerized business functions; business consultation relating to the fields of electronic commerce and electronic business; business consultation relating to the field of on-line business transactions, namely marketing, order processing, and order fulfillment; customer relationship management; and employee leasing services, namely, providing information technology professionals to others" in International Class 35, and with "computer consultation services in the fields of web site design, web site development, web site maintenance, web site upgrading, web site hosting, web site privacy, web site security, database design, selection of operating environment, development of operating environment, development and integration of interactive content and design; and in the fields of computer software applications, computer software maintenance, and computer software development; custom designing of computer software and computer programming services for others; custom computer software development, namely, enabling legacy applications for use on the world wide

web; and technical support services, namely, troubleshooting of computer hardware and software problems" in International Class 42. Syntel has used this mark in connection with these services since June 1999, and the mark is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. A photocopy of the Certificate of Registration of this mark is attached as **Exhibit 3**.

- A list of Syntel's registered or pending marks consisting in whole or in part of the mark, SYNTEL, is attached as **Exhibit 4**.

15. Syntel is the owner of numerous foreign registrations for its trademarks and service marks.

16. Syntel's Mark is widely recognized as a corporate brand and identity.

17. By virtue of its continuous and substantial use of the Mark, and the quality of Syntel's goods and services provided under the Mark, the Mark has come to symbolize substantial, valuable goodwill with respect to business and technology products and services. Syntel has built significant goodwill in the Mark, and invests significant sums every year in the promotion of the products and services identified by the Mark.

18. Syntel's promotion and use of the Mark has caused the public to associate the Mark with Syntel and to believe that the products and services identified by the Mark are exclusively associated with, or are sponsored by, Syntel.

19. Syntel has not authorized, licensed, or otherwise permitted Defendant to use the Mark.

20. In addition to its federally-registered Mark, Syntel claims rights in unregistered marks (e.g., the Mark for use in connection with goods/services not identified in the federal registrations, or unregistered marks that are similar to Syntel's Mark).

## DEFENDANT'S WRONGFUL ACTS

21. Defendant's website states that Defendant was founded in 1998.

22. The business records of the state of Arkansas show that Defendant filed its organization papers on March 3, 1999.

23. According to its website, Defendant uses the "TM" designation to indicate its claim of rights in the mark, SYNTEL ("Defendant's Mark").

24. Upon information and belief, Defendant does business in Arkansas and other states, including the state of Michigan. While conducting due diligence at Syntel's request, Syntel's counsel discovered at least one bank in Michigan, namely, the First National Bank of Crystal Falls, that uses the services of the Defendant.

25. According to its website, Defendant has customers in the industries of finance, utilities, healthcare, public sector, insurance, and telecommunications.

26. Syntel has monitored Defendant's business activities since at least as

early as 2008 when Syntel sent a letter to Defendant about Defendant's use of the trade name "SynTel" in connection with its sale of specific software products in the limited field of mail processing.

27. In this letter, Syntel advised Defendant of Syntel's rights in the Mark, the nature of Syntel's business, and Syntel's commitment to defending its rights should Defendant expand its use of the name "SynTel" in a way that infringed Syntel's rights.

28. Syntel continued to monitor Defendant's activities which, for a number of years, remained confined to products and services related to mailroom operations.

29. Ongoing monitoring of Defendant's activities revealed that, in a 2014 press release, Defendant described itself as "a software development company."

30. Defendant also now indicates on its website that it provides "software and services" and "outsourcing services."

31. Defendant's expansion of its product and/or service offerings has resulted in an overlap of goods/services offered by the parties.

32. The overlapping goods/services offered by the parties are marketed to similar customers in that both parties service the industries of finance, healthcare, insurance, and telecommunications, and may have similar customers from other industries as well.

33. Defendant's use in commerce of Defendant's Mark in connection with the sale, distribution, advertising and promotion of its expanded product and service offerings, is intended to and is likely to cause confusion (and has caused), mistake or deception of the trade and public, and to cause the trade and the public to believe that such products and service offerings are authorized, endorsed, sponsored or approved by Syntel, or are otherwise affiliated or connected with Syntel or the products and services sold under the Mark.

34. Defendant's activities are likely to result in the substitution and passing off of Defendant's products and services to purchasers seeking to purchase Syntel's products and services, and to injure Syntel's business reputation.

35. Defendant's activities have caused and will continue to cause irreparable harm to Syntel, the substantial goodwill embodied in the Mark, and Syntel's business and profits, and such actions will continue unless restrained by this Court.

36. Defendant's use in commerce of Defendant's Mark in connection with its expanded product and service offerings constitutes willful and intentional infringement of the proprietary trademark rights of Syntel's for which only this Court can provide equitable and monetary relief.

37. Syntel has demanded that Defendant cease infringement of the Mark. Defendant has not ceased use of Defendant's Mark.

38. Syntel has no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT OF FEDERALLY-REGISTERED MARKS UNDER SECTION 32(1) OF THE LANHAM ACT

39. Syntel repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. Starting in 1984, Syntel used its federally-registered Mark in commerce in connection with custom designing of computer software and computer programming services.

41. And commencing at least as early as June 1999, Syntel used its federally-registered Mark in commerce in connection with a broader range of business consultation services and computer consultation services.

42. Syntel's U.S. registrations are prima facie evidence of its exclusive right to use the Mark in connection with the identified goods and services in the United States. Section 7 of the Lanham Act, 15 U.S.C. § 1057.

43. Defendant's use of Defendant's Mark commenced in or around 1999. As such, Syntel's rights to the Mark pre-date the use of Defendant's Mark, and Syntel has prior and superior rights to the Mark.

44. As Defendant expanded its product and service offerings, its use in commerce of Defendant's Mark created a likelihood of confusion, and caused

actual confusion, thereby infringing Syntel's rights in the Mark.

45. Defendant's infringing use of Defendant's Mark in connection with its expanded offering of goods/services is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of Defendant with Syntel, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II

### FALSE DESIGNATIONS OF ORIGIN, FALSE REPRESENTATIONS, AND UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT

46. Syntel repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47. Defendant's unfair business practices are in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

48. First, Defendant is using Defendant's Mark on or in connection with Defendant's expanded offering of goods or services, and such use is likely to cause confusion or mistake or to deceive, and has caused confusion, as to the affiliation, connection, or association of Defendant with Syntel, or as to the origin, sponsorship, or approval of Defendant's expanded offering of goods/services by Syntel.

49. Second, Defendant is falsely advertising when it uses Defendant's Mark, or any false designation of origin, in commercial advertising or promotion,

since such use misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's expanded offering of goods/services.

## COUNT III

### UNFAIR COMPETITION UNDER SECTION 3 OF THE MICHIGAN CONSUMER PROTECTION ACT

50. Syntel repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51. Defendant's use of Defendant's Mark constitutes unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, and in violation of Section 3 of the Michigan Consumer Protection Act, MCL § 445.903.

52. First, such use causes a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services. MCL § 445.903(1)(a).

53. Second, such use constitutes deceptive representations in connection with Defendant's expanded offering of goods or services. MCL § 445.903(1)(b).

54. Third, such use represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that Defendant has sponsorship, approval, status, affiliation, or connection that it does not have. MCL § 445.903(1)(c).

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

55. Syntel repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56. Defendant's conduct constitutes willful trademark infringement under common law.

## COUNT V

## UNFAIR COMPETITION UNDER COMMON LAW

57. Syntel repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58. Defendant's conduct constitutes willful unfair competition by passing off, misappropriation, and unprivileged imitation under common law.

59. Under Michigan law, a court analyzes a claim for unfair competition in the same manner as it analyzes claims under the Lanham Act. *Wynn Oil Co. v. American Way Service Corp.,* 943 F.2d 595, 605 (6th Cir.1991) (finding that the Michigan Supreme Court would evaluate a common law claim of unfair competition using the same factors as applied in federal claims involving unfair competition). Therefore, for the reasons set forth above in Count II, Syntel alleges Defendant has engaged in unfair competition under common law principles.

## RELIEF SOUGHT

WHEREFORE, Syntel requests an Order and Judgment as follows:

1. Preliminarily and then permanently enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, successors and assigns, and all persons or entities acting in concert or participation with them or any of them, from the distribution, offering for sale, sale, advertising, and/or promotion of goods or services utilizing: (a) Defendant's Mark, whether alone or in combination with any other word or design or any confusingly similar variations thereof; and (b) any other false designation of origin or any other word, name, symbol, or design calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's products or services are authorized, endorsed or sponsored by Syntel or are connected or affiliated in any way with Syntel or its products or services;

2. Directing Defendant to file with the Court and serve on Syntel's counsel, within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116;

3. Awarding Syntel damages for Defendant's acts of trademark infringement and unfair competition, and for Defendant's willful dilution of the Mark, complained of herein;

4. Directing Defendant to account to Syntel for its profits arising from

the conduct complained of herein;

5. Awarding Syntel treble damages for Defendant's willful acts of infringement of Syntel's registered Mark and of false designation, descriptions and representations in violation of 15 U.S.C. § 1125(a)(1)(A);

6. Awarding Syntel punitive damages for its common law claims and its claim under the Michigan Consumer Protection Act;

7. Awarding Syntel taxable costs and disbursements of this action;

8. Awarding Syntel reasonable attorney fees as provided in 15 U.S.C. § 1117(a); and

9. Awarding Syntel such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Syntel hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

/s/Alan N. Harris
Alan N. Harris (P56324)
Susan M. Kornfield (P41071)
Bodman PLC
201 South Division Street, Suite 400
Ann Arbor, Michigan 48104
(734) 761-3780
(734) 930-2494 - Fax
aharris@bodmanlaw.com
skornfield@bodmanlaw.com

February 20, 2015                *Attorneys for Plaintiff*